CORNELIA P. RICHEY, ADMINISTRATRIX,

v.

J. MARION FORT, ADMINISTRATOR.

*Administration—Agreement to Pay Certain Sum as Needed—Claim for Balance.*

1. An agreement to pay certain amounts, limited to a certain sum, as needed, is equivalent to an agreement to pay the entire sum as needed.

2. In the case presented, it is *held:* That the intention of the parties to the contract in question was that the money due the father for his land

should only be paid to him as needed; that on the balance interest should be paid; and that, both having died, the balance remaining unpaid is a valid claim against the estate of the son.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Henderson County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. JONATHAN SIMPSON and GRIER & DRYDEN, for appellant.

No brief filed for appellee.

LACEY, J. This was a claim filed in the County Court by appellant, who was the administratrix of the estate of R. W. Richey, deceased, against the appellee, who was the administrator of the estate of Thomas G. Richey, deceased, the latter being the son of the former decedent. There was a judgment in the County Court in favor of appellant allowing the claim against the estate of Thomas G. Richey, deceased, to the amount of $1,547.60. An appeal was taken to the Circuit Court, where, upon a trial, the claim was disallowed, and from this final order of the Circuit Court this appeal is taken. We think it sufficiently appears from the evidence that on the 30th day of July, 1881, R. W. Richey conveyed to his son a certain quarter section of land in consideration of the sum of $5,000; that $2,500 was paid down by Thomas G. Richey and that the following contract was entered into in regard to the balance, to wit:

"KIRKWOOD, ILL., Aug. 5, 1881.

"For value received and sufficient consideration I hereby agree, binding myself and executors or administrators to the same, to pay R. W. Richey one hundred and seventy-five dollars (§175), on the fifth day of August of each year during his natural life. Should said annual payment prove insufficient for the necessities, wants, or comforts of the said R. W. Richey, I, by these presents, bind myself and heirs to advance such additional sums of money as may from time to time be

required, or necessary, to supply all such wants, or to in any way minister to his comforts or satisfaction; provided always, and this pledge is made on condition, that the sum total of all such advances and payments shall not exceed the amount of interest and principal of twenty-five hundred dollars ($2,500); interest commencing on same August 5, 1881, and reckoned at the rate of seven per cent. per annum.

"THOMAS G. RICHEY."

Thomas G. Richey paid, during his lifetime, on this agreement, the sum of $1,410.60, and his heirs, after his death, the sum of $156.25, in different payments. Thomas G. Richey died in December, 1885, and R. W. Richey February 10, 1886.

It is supposed by the appellee, and the court below took the same view of the matter, that this was a composition agreement, the substance and meaning of which was, that all payments should cease at the death of R. W. Richey, and that any remaining balance not called for during his life was not to be paid, but to inure to the benefit of Thomas G. Richey, or his estate.

At first blush and by a casual reading of the agreement, this might seem to be the proper interpretation, but upon clearer scrutiny we are satisfied that it is not its proper meaning.

We think that any balance of the $2,500 remaining unpaid at the death of R. W. Richey would be due to his estate The agreement is illogically and awkwardly expressed, the main clauses being used in the form of provisos, and what should be the subordinate clauses are used as the primary clauses. Its language should be transposed to make its true meaning apparent. At the time of the execution of the agreement, as shown by the evidence, Thomas G. Richey was indebted to his father in the sum of $2,500, the balance due him for land conveyed to Thomas. Transposing the terms of the contract it may be read as follows:

"Aug. 5, 1881.

"For value received I promise to pay R. W. Richey the sum of $2,500, from time to time, as may be required or necessary to supply his necessary wants or comforts and to his sat-

isfaction, and provided that should the annual interest on the said sum at seven per cent. ($175), which I agree to pay annually during his natural life, on the first day of August, each year, prove insufficient for such wants," etc.

It will be seen that the words used in the contract, "for a valuable and sufficient consideration," apply to every part of Thomas' undertaking. Hence he agreed to pay the $2,500 for a valuable consideration. It was not, however, to be paid at once but only as the father needed it for his necessary comfort and support. An agreement to pay certain amounts limited to a certain sum, as needed, is equivalent to an agreement to pay the entire sum as needed. But by the terms of the agreement the annual interest was first to be applied to satisfying such wants. If this annual interest on the sum agreed to be paid would satisfy his personal wants, then the $2,500 would not become due until R. W. Richey's death, as the interest was to be paid during the natural life of the payee, which in itself postponed the payment of the principal to his death. Now, in case nothing was paid during the payee's lifetime the whole principal would remain due at his death, and in case the interest and a portion of the principal had been paid then the balance only would remain unpaid. The main intention seemed to be that the money due the father for his land should only be paid to him as it was needed and on the balance interest should be paid. This view is strengthened by the evidence that the father was not to receive payment of his land in full, for fear he would unnecessarily spend the money.

There is nothing expressed in the agreement that any balance remaining unpaid at R. W. Richey's death should be the property of Thomas.

The agreement will not bear the construction that the maker by its terms was compelled to pay seven per cent. interest on the entire sum of $2,500 during the payee's natural life, notwithstanding a portion of the principal might be paid in the meantime. This provision excludes that idea: "Provided always, and this pledge is made on condition that the sum total of such advances and payments shall not exceed the

Richey v. Fort.

interest and principal of $2,500, interest commencing on same August 5, 1881, and reckoned at the rate of seven per cent. per annum." This would regulate the calculation of interest in case of payments on the principal the same as on any ordinary promissory note. The interest could only be calculated on the balance after deducting payments. The last clause and the first read together would not compel Thomas to pay $175 per year to his father as long as he lived. It was only in case none of the principal was paid.

The whole agreement taken together was in effect a promissory note for $2,500, due at the death of the payee, with annual interest reserved at the rate of seven per cent. with a proviso that a portion or all the principal might become due sooner if the payee needed it sooner. There is nothing in the agreement requiring Thomas G. Richey to do anything other than to pay the debt he owed with the interest agreed on. There is nothing that can be construed into a consideration for the claim his administrator sets up for a release from the balance due on the note at R. W. Richey's death.

The son was not to furnish the father the necessary support during life or at any portion of it without regard to the amount due. The amount to be paid was wholly regulated by the amount due for the land. There was no express agreement in the contract that Thomas was to be released from the payment of any balance of the $2,500 remaining due at his father's death. An administrator may always collect what was owing to his intestate whenever it becomes due, and the balance owing on the agreement in question became due, as we hold, on the death of R. W. Richey. It follows from what has been said that the court erred in disallowing the claim. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*